IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| AUBREY BETTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-038 |
| | ) | |
| RALPH KEMP, Warden at Wheeler Correctional Facility, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is *pro se* and proceeding *in forma pauperis*. This matter comes before the Court on Plaintiff's "Request for Temporary Injunction or T.P.O." For the reasons below, the Court **REPORTS** and **RECOMMENDS** that the motions be **DENIED**. (Doc. nos. 10-1, 10-2).

### I. BACKGROUND

Plaintiff commenced the above-captioned case against the named Defendants asserting allegations concerning gaining access to his mail, access to the courts, and alleged retaliation. (See generally doc. no. 8). Plaintiff's motions seeking injunctive relief assert that his rights continue to be violated as:

> officials of Wheeler Correctional Facility seized numerous law books from Plaintiff. . . . As of this day, Plaintiff's law books have not been returned.

> Plaintiff is currently engaged in a pending habeas corpus action. The most recent hearing was held on June 25, 2008, at which Plaintiff did not have the use of his law books. . . . This action is ongoing and has been continued twice. Most recently the June 25, 2008 hearing was continued. . . . Persons responsible for the seizure of Plaintiff's law books are, specifically Warden Ralph Kemp, Dep. Warden Robert Rosier, mailroom clerks Charlotte Aldrich and Sarah Faulk. . . .

(Doc. no. 10, p. 1).

## II. INJUNCTIVE RELIEF REQUIREMENTS

Plaintiff's motions for injunctive relief request that the Court issue a "permanent or temporary injunction and T.P.O. requiring [Defendants] Kemp, Rosier, Aldrich, and Faulk to return to Plaintiff all law books confiscated, and cease the arbitrary rejection of Plaintiff's legal mail." (Doc. no. 10, p. 3).

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest.[1] McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary

---

[1]Here, Plaintiff has styled his motion for injunctive relief as one for both a temporary restraining order and a preliminary injunction. A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hospital Resource Personnel, Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.), but it is clear that Plaintiff does not seek to preserve the status quo. In any event, the Court has evaluated Plaintiff's request under the well-known standards generally applicable to both types of requests for injunctive relief. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction." (citation omitted)).

2

and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, he has failed to show that there is a substantial likelihood that he will prevail on the merits of his claims. First, in a simultaneously filed Report and Recommendation, the Court has recommended that Plaintiff's case be dismissed without prejudice for failure to exhaust administrative remedies.[2] Similarly, the Court notes that the allegations made by Plaintiff in his motions for injunctive relief all concern events that occurred after the date that he filed his original complaint.[3] Thus, as to the events alleged in his motion for injunctive relief, Plaintiff could not possibly have exhausted administrative remedies prior to the commencement of this lawsuit.[4] Moreover, Plaintiff must exhaust administrative remedies prior to the commencement of his case. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*) (noting that inmate must complete the

---

[2] As explained in detail in the simultaneously filed Report and Recommendation, section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

[3] Plaintiff signed his original complaint on April 7, 2008 and it was filed by the Clerk of Court on April 10, 2008.

[4] Accordingly, Plaintiff has not shown that there is a substantial likelihood that he will prevail on the merits. Thus, Plaintiff has failed to meet his burden of persuasion on all four requisites for injunctive relief.

3

administrative process *before* initiating suit as exhaustion of administrative remedies is a "precondition" to filing an action in federal court).

### III. CONCLUSION

In sum, Plaintiff has failed to show a substantial likelihood that he will prevail on the merits of his claims, and therefore, he cannot meet his burden of persuasion on all four requisites for injunctive relief. Thus, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for injunctive relief be **DENIED**.

SO REPORTED and RECOMMENDED this 29th day of July, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE