IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| AUBREY BETTIS, | ) |
| Plaintiff, | ) |
| v. | ) CV 308-038 |
| RALPH KEMP, Warden at Wheeler Correctional Facility, et al., | ) |
| Defendants. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Plaintiff's amended complaint sets forth allegations concerning gaining access to his mail, access to the courts, and alleged retaliation. (See generally doc. no. 8). The Magistrate Judge recommended dismissing Plaintiff's amended complaint without prejudice because Plaintiff did not exhaust his administrative remedies. (Doc. no. 14).

Plaintiff's objections address the Magistrate Judge's recommendation of dismissal for failure to exhaust his administrative remedies as well as provide a reiteration of his claims. (Doc. no. 17). As dismissal hinges on the exhaustion issue, the Court will simply address Plaintiff's objections on that point.

Plaintiff admits that he did not exhaust his administrative remedies. (Id. at 3).

However, Plaintiff asserts that "any reasonable person/prisoner would be afraid, at the very least reluctant, to initiate a grievance after being threatened with lockdown [by Defendant Rosier, Deputy Warden at Wheeler Correctional Facility]." (Id. at 2). As noted by the Magistrate Judge (doc. no. 14, p. 6), the plain language of § 1997e(a) forbids any inquiry except into whether administrative remedies are "available." In order to demonstrate that administrative remedies were unavailable, Plaintiff must point to specific facts showing that prison staff inhibited him from utilizing the grievance process. See Boyd v. Corr. Corp. of Am., 380 F.3d 989, 998 (6th Cir. 2004) ("nonspecific allegations of fear" and "subjective feeling[s] of futility" no excuse for failure to exhaust administrative remedies). Here, Plaintiff has not shown that prison staff inhibited him from utilizing the grievance process. Thus, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's amended complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies, and this civil action is **CLOSED**.

SO ORDERED this 15th day of Sept., 2008, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

2